UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS WAYNE MIZE, SR., | No. 2:16-cv-0699 TLN CKD P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT KEIRNAN, et al., | |
| Defendants. | |

I. Introduction

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. <u>Screening Standard</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

////

////

III. <u>Allegations</u>

Plaintiff names five defendants: the Secretary of the California Department of Corrections ("CDCR"), three members of the medical staff at Mule Creek State Prison ("MCSP"), and one MCSP official. (ECF No. 1 at 2.)

Plaintiff alleges that defendant Dr. Horowitz refused to prescribe adequate pain medication for plaintiff's chronic and severe pain, which stemmed from osteoarthritis, bone spurs, and facial injuries sustained in two assaults in 2011. (<u>Id.</u> at 4-5.) Prior to arriving at MCSP, plaintiff had been in CDCR's Chronic Care Pain Management Program "for narcotic and/or opiate pain therapy" for three years. (<u>Id.</u> at 5.) Within ten days of plaintiff's transfer to MCSP, plaintiff's prescribed morphine was confiscated, and Dr. Horowitz would not prescribe the pain medication that had worked in the past. (<u>Id.</u> at 4-5.) Plaintiff suffered "ongoing severe pain," and had to "sleep sitting up because of pain on both sides of the body and neck[.]" (<u>Id.</u> at 5.)

Plaintiff alleges that defendant Nurse Practitioner Saipher "assumed the duties as Primary Care Provider for plaintiff when Dr. Horowitz was not available for several months." (<u>Id.</u> at 6.) Though Saipher told plaintiff he could "see that plaintiff's physical condition was deteriorating since his 2013 arrival at MCSP," Saipher refused to adequately treat plaintiff's pain.[1] (<u>Id.</u> at 6-7.)

Defendants Dr. Smith and C.E.O. Smiley reviewed plaintiff's medical grievances claiming Saipher "had been falsifying plaintiff's medical records as well as refusing to treat plaintiff's chronic and severe pain." (<u>Id.</u> at 8-10.) Smith refused to conduct an investigation into plaintiff's claims, correct plaintiff's medical records, or "override NP Saipher's refusal" to treat plaintiff's chronic pain. (<u>Id.</u> at 9.) Similarly, after a brief interview with plaintiff, Smiley concluded that Saipher did not commit staff misconduct and failed to ensure that plaintiff received adequate treatment for his pain. (<u>Id.</u> at 10.)

////

---

[1] Plaintiff further alleges that Saipher "submitted falsified document entries" to the MCSP Pain Management Committee. (<u>Id.</u> at 7.) While the court must assume that plaintiff's factual allegations are true, it is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. <u>Daniels–Hall v. National Educ. Ass'n</u>, 629 F.3d 992, 998 (9th Cir. 2010).

1     Defendant Dr. Soltanian reviewed plaintiff's medical grievance against Dr. Horowitz. (Id.
2 at 10.) "Plaintiff explained in detail . . . that he was not being supplied with an adequate pain
3 medication and that the conventional pain medication types were not only working, but were
4 causing side effects [including pain and bleeding]." (Id. at 11.) Dr. Soltanian allegedly told
5 plaintiff: "You realize by now that we are not going to treat your pain like the other places you
6 have been did, because we do not believe in the Chronic Care Pain Management Program as a
7 matter of course. If you want your pain treated, you need to get to another prison." (Id.)

IV.  Medical Indifference Standard

     Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

     In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

     Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Moreover, as for any § 1983 claim, there must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691–92 (1978); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Supervisory personnel are generally not liable under §1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).

IV. Analysis

Here, liberally construed, the complaint states cognizable Eighth Amendment claims against defendants Horowitz, Saipher, and Soltanian.

Plaintiff's allegations against Smith and Smiley primarily concern the prison grievance process. However, inmates have no Constitutional right to a specific prison grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also McCoy v. Roe, 509 Fed. Appx. 660, 660 (9th Cir. Feb.19, 2013) (affirming dismissal of claims arising from defendants' handling of prisoner's grievances) (citing Ramirez). As to Secretary Keirnan, plaintiff has not alleged this defendant's involvement in any constitutional deprivation. Supervisory personnel are generally not liable under §1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed

constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).

Thus plaintiff's claims against these defendants should be dismissed for failure to state a claim. However, plaintiff will have one opportunity to amend the complaint.

VI.  Leave to Amend

Plaintiff will be given 30 days from the date of service of this order to amend his complaint to cure the deficiencies set forth above. Plaintiff is not required to file an amended complaint, but failure to do so will be construed as plaintiff's consent to dismiss all defendants except Horowitz, Saipher, and Soltanian.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's claims against defendants Smith, Smiley, and Keirnan are dismissed with leave to amend;

4. If plaintiff elects to amend, any amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";

5. If plaintiff elects to amend, the Amended Complaint shall be filed no more than thirty days from the date of this order; and

////

1      6. Upon the filing of an amended complaint or expiration of the time allowed therefor, the
2 court will make further orders for service of process upon some or all of the defendants.
3 Dated: June 27, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8  2 / mize0699.14.new