UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS WAYNE MIZE, SR., | No. 2:16-0699 TLN CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SCOTT KIERNAN, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On June 27, 2016, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found the allegations therein sufficient for plaintiff to proceed on Eighth Amendment claims against defendants Horowitz, Saipher, and Soltanian for their deliberate indifference to his serious medical need for pain medication.  Defendants have filed a motion to dismiss contending that: 1) plaintiff has not pled facts stating a claim under the Eighth Amendment; 2) defendants are immune from suit under the "qualified immunity" doctrine; 3) the Eleventh Amendment bars plaintiff's claims for monetary damages and prospective injunctive relief; and, 4) plaintiff's request for injunctive relief is barred by the Prison Litigation Reform Act ("PLRA").  Plaintiff has filed an opposition, ECF No. 32, and defendants Horowitz and Saipher have filed a reply, ECF No. 33.  Plaintiff does not oppose the dismissal of defendant Soltanian and has abandoned his request for injunctive relief so the court will not address these undisputed

1

portions of the pending motions to dismiss. ECF Nos. 31, 32 at 11.

### I. Allegations of the Complaint

After reviewing plaintiff's complaint, and any documents incorporated by reference therein, the court construes the facts material to defendants' motion to dismiss to be based on a failure to provide him with narcotic pain medication while an inmate at Mule Creek State Prison. Defendant E. Horowitz was plaintiff's treating physician and defendant Marshall Saipher was a nurse practitioner at Mule Creek State Prison.[1]

Plaintiff sustained several injuries before arriving at Mule Creek. These included three liver surgeries following a motorcycle accident; a left elbow fracture with resulting osteoarthritis; and multiple facial and nasal bone fractures as a result of two prison fights. ECF No. 1 at 17, ECF No. 32 at 14, 16, 19, 30. Before arriving at Mule Creek, plaintiff had a long history of being provided pain medication, including narcotics, for these various injuries. Plaintiff's medical history also indicated side effects from non-steroidal anti-inflammatory drugs ("NSAIDS") such as ibuprofen, naproxen, motrin, and advil. ECF No. 1 at 17.

On January 13, 2015 plaintiff was examined by defendant Saipher based on his request to be treated for his chronic pain. ECF No. 1 at 6. This examination revealed that plaintiff complained of pain to his abdomen when it was pressed and had limited range of motion of his neck with "clicks" or popping sounds heard on rotation. ECF No. 1 at 6. Defendant Saipher also noted that plaintiff was unable to straighten his left arm. Id. A review by defendant Saipher of plaintiff's past diagnostic studies indicated a diagnosis of moderate degenerative arthrosis of the left elbow and shoulder. Id. Plaintiff further expressed to defendant Saipher that he was experiencing left elbow and shoulder pain as well as neck pain. Id. Defendant Saipher told plaintiff that he wanted to prescribe him morphine for his injuries because his medical record indicated that it had worked in the past, but he was afraid that Dr. Horowitz or Dr. Smith would confiscate it before plaintiff even received it. Id. At this visit, defendant Saipher ordered an orthopedic consultation for plaintiff's left elbow pain. ECF No. 23-2 at 21.

---

[1] Based on plaintiff's stipulation to dismissing defendant Soltanian, ECF No. 31, the allegations are limited to the remaining defendants.

2

Plaintiff was once again treated by defendant Saipher on February 10, 2015. ECF No. 1 at 7. During this visit, defendant Saipher indicated that he could see that plaintiff's physical condition was deteriorating since his 2013 transfer to Mule Creek. Id. Defendant Saipher ordered an X-ray of plaintiff's neck and told him that he would prescribe him with MS Contin two times per day once the X-ray study was obtained. Id.

Even after the X-ray of plaintiff's neck revealed bone spurring of plaintiff's C5 and C6 cervical vertebrae, defendant Saipher refused to prescribe adequate pain medication or medication that "did not cause side effects so bad it made it unusable to treat plaintiff's numerous painful medical conditions." Id. at 6-7.

During a follow-up visit to discuss the results of plaintiff's neck X-ray, plaintiff was seen by defendant Dr. Horowitz.[2] ECF No. 1 at 3. After noting that plaintiff's past diagnostic studies indicated moderate to severe osteoarthritis of the left elbow, moderate degenerative arthrosis of the left elbow and shoulder, and anterior bone spurring of plaintiff's C5 and C6 cervical vertebrae, defendant Dr. Horowitz refused to prescribe adequate pain medication. ECF No. 1 at 3-4. Plaintiff then explained to Dr. Horowitz that "eleven other CDCR Physician's and Physician's Assistant's prescribed MS Contin Morphine approximately forty-five [sic] (45) times in sixty (60) to ninety (90) day prescription lengths, just prior to Plaintiff's transfer to MCSP from CTF Soledad." Id. at 4. Plaintiff also informed Dr. Horowitz that this medication had been discontinued within 10 days of his arrival at Mule Creek due to suspicions that he had "cheeked" or diverted his medication. Id. Plaintiff detailed to Dr. Horowitz his most recent facial fractures and his recent participation in the CDCR Chronic Care Pain Management Program which included narcotic and/or opiate pain therapy. Id. at 5. Additionally, plaintiff indicated that he had to sleep sitting up because of the pain he experienced on both sides of his

---

[2] The complaint alleges that this visit occurred on August 12, 2015. ECF No. 1 at 3. However, the medical records attached to plaintiff's opposition to the motion to dismiss indicate that Dr. Horowitz completed a Physician Request for Services on March 12, 2015 for plaintiff to be evaluated for physical therapy. ECF No. 32 at 38. Additionally, the court notes that plaintiff's inmate health care appeal form submitted on March 12, 2015 complains about Dr. Horowitz's treatment decisions regarding plaintiff's chronic pain. ECF No. 19-2 at 5. This date discrepancy does not affect the court's recommendation on the motion to dismiss.

1  body and neck.  Id.  Dr. Horowitz refused to prescribe adequate pain medication or a pain
2  medication that plaintiff's medical file demonstrated had worked in the past.  Id.  Instead,
3  defendant Dr. Horowitz ordered a physical therapy consultation for plaintiff's left elbow,
4  shoulder, and neck pain.  ECF No. 32 at 18.

5  The Pain Management Committee at Mule Creek evaluated plaintiff's case on April 14,
6  2015.[3]  ECF No. 23-2 at 15.  They determined that narcotics were not indicated for plaintiff's
7  chronic pain.  ECF No. 23-2 at 15.  Instead, they recommended continued use of NSAID
8  medications, an orthopedic evaluation of plaintiff's left elbow that had been previously ordered
9  by defendant Saipher, and an additional X-ray of plaintiff's cervical spine.  Id.

10  **II.    Applicable Legal Standards**

11  In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), "a
12  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
13  plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S.
14  at 570).  In considering a motion to dismiss, the court must accept as true the allegations of the
15  complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),
16  construe the pleading in the light most favorable to the party opposing the motion, and resolve all
17  doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S.
18  869 (1969).  The court may consider facts established by exhibits attached to the complaint.
19  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider
20  facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385,
21  1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers
22  filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).

23  A prisoner states a claim under the Eighth Amendment for inadequate medical care if the
24  prisoner points to facts suggesting they were caused injury by a prison official who was
25  deliberately indifferent to the prisoner's serious medical needs.  Estelle v. Gamble, 429 U.S. 97,

---

[3] To the extent that plaintiff continues to allege that defendant Saipher falsified his electronic unit health record which was utilized by the Pain Management Committee, plaintiff is reminded that this entirely conclusory allegation was screened out in the court's June 27, 2016 order.  See ECF No. 10 at 3, n. 1.

4

1  104-05 (1976).  A serious medical need exists if the failure to treat a prisoner's condition could
2  result in the "unnecessary and wanton infliction of pain." Id. at 104.  A difference of opinion
3  between an inmate and prison medical personnel—or between medical professionals—regarding
4  appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference
5  claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051,
6  1058 (9th Cir. 2004).  To establish a difference of opinion rising to the level of deliberate
7  indifference, plaintiff "must show that the course of treatment the doctors chose was medically
8  unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### III. Analysis

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs against Dr. Horowitz or Nurse Practitioner Saipher.  Plaintiff's allegations that defendants failed in their duties to provide adequate treatment for plaintiff's pain because their treatment differed from that of his prior physicians reflect nothing more than " 'a difference of medical opinion' as to the need to pursue one course of treatment over another[, which is] ... insufficient, as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); see Estelle, 429 U.S. at 107–08 ("[T]he question whether a [ ] ... form[ ] of treatment is indicated is a classic example of a matter for medical judgment" and "[a] medical decision not to order [a form of treatment] ... does not represent cruel and unusual punishment."); Toguchi, 391 F.3d at 1058 ("[A] mere 'difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference.' ") (citation omitted); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

Furthermore, the Pain Management Committee's conclusion that narcotics were not clinically indicated for plaintiff's chronic pain demonstrates that defendants' treatment was not medically unacceptable under the circumstances.  See Moreno v. Medina, 2013 WL 3350819, at * 4 (E.D. Cal.2013) (fact that the same course of treatment was recommended by multiple physicians suggests that the treatment was not medically unacceptable under the circumstances). Defendants Saipher and Horowitz both declined to prescribe narcotic pain medication to plaintiff pending additional information from an orthopedist as well as a physical therapist.  They did not

5

simply refuse to treat plaintiff's chronic pain.  Here the record demonstrates that both defendants fully examined plaintiff, ordered alternative therapies, and provided non-prescription analgesic medication for the treatment of plaintiff's chronic conditions.  Accordingly, plaintiff's allegations against defendants Saipher and Horowitz fail to state a cognizable Eighth Amendment claim of deliberate indifference.  The undersigned recommends granting defendants' motion to dismiss.[4]

### IV.   No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.  Cato, 70 F.3d at 1005-06.  The undersigned finds that, as set forth above, plaintiff's Eighth Amendment allegations against all defendants cannot establish a cognizable claim as a matter of law and amendment would be futile.

### V.   Plain Language Summary for Pro Se Party

Since you are acting as your own attorney in this case, the court wants to make sure that you understand this order.  The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your complaint and the medical records mentioned in it and has concluded that your complaints against Dr. Horowitz and Nurse Practitioner Saipher do not establish an Eighth Amendment violation as a matter of law because their treatment recommendations were not medically unacceptable even though they did not give you the pain

---

[4] Based on this conclusion, the court finds it unnecessary to discuss defendants' alternative argument that they are entitled to qualified immunity.

medication that you wanted.  This problem is not fixable by filing an amended complaint.

You have fourteen days to explain to the court why this is not the correct outcome in your case.  If you choose to do this you should label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF Nos. 23, 24) be granted; and,

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 24, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mize0699.mtd

7